UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISON
CASE NO. 1:12-CV-00179

**SUN STYLE INTERNATIONAL, LLC**　　　　　　　　　　　　　　**PLAINTIFF**

v.

**SUNLESS, INC.**　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Defendant's motion to dismiss for lack of subject-matter jurisdiction. (Def.'s Mot., Docket Number ("DN") 14.) The Plaintiff responded. (Pl.'s Resp., DN 22.) The Defendant replied. (Def.'s Reply, DN 25.) For the following reasons, the Defendant's motion is **DENIED**.

**I.**

Plaintiff Sun Style International, LLC ("SSI") brings this declaratory judgment action against Defendant Sunless, Inc. ("Sunless") and asks the Court to declare that a patent held by Sunless is invalid and unenforceable and that SSI will not infringe on the patent by making, using, selling, or offering to sell its product into the sunless tanning product market. In response to the action, Sunless moves to dismiss the complaint pursuant to Federal Rule 12(b)(1) on grounds that there is no case or controversy between the parties and the Court lacks jurisdiction to the hear the case. Applying the "all of the circumstances" test established by the Supreme Court in *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 188 (2007), and relying on cases from the Federal Circuit applying that test, the Court finds that a justiciable controversy exists in this action and that the Court has jurisdiction to adjudicate SSI's claims.

**II.**

The sunless tanning industry sells cosmetology products that purportedly offer the look of

a suntan without the health risks associated with prolonged sun exposure. An increasingly popular form of sunless tanning is a "spray tan," wherein an individual enters a tanning booth and is sprayed with a liquid that imitates a suntan when applied.

SSI and Sunless make and sell the booths and the internal components necessary to apply spray tans. SSI's booth is known as the Sun Style booth, while Sunless's goes by the name Versa Spa. Portions of the Vera Spa booth are protected by U.S. Patent No. 8,201,288 (the "'288 Patent"), which is held by Sunless. In particular, Sunless points the Court to two features of the Vera Spa booth covered by the '288 Patent: the merger of multiple fluid paths inside a series of high pressure, low volume nozzles and the use of check valves along the fluid paths. SSI brought this declaratory judgment action asking the Court to determine that the '288 Patent is invalid and that the Sun Style booth does not infringe on the '288 Patent.

In 2012, SSI had finalized the Sun Style booth and was in the process of bringing it to market. In order to promote the booth, SSI displayed a non-functioning, but fully equipped, prototype at the West Coast Tanning Expo held in Las Vegas during June of that year. Representatives from Sunless were present at the expo and inspected the Sun Style booth. According to SSI employees, Mark DeMayo, a Sunless employee, entered the booth and spent more than one hour examining its components. DeMayo disputes this account and states that while he observed the booth from a distance, he never entered it or manipulated its components.

On October 3, 2012, four months after the Las Vegas expo, Sunless instructed its counsel to send letters to Jerry Deveney of JK North America and Ed Jerger of Four Seasons Sales & Service, Inc.[1] for the purpose of informing them of the existence of the '288 Patent. In

---

[1] Ed Jerger is the executive chairman of Four Seasons Sales & Service, Inc. Jerry Deveney is the president of Ergoline, a division of JK North America. Four Seasons, JK North America, and another entity, Pan-Oston, Inc., are the three members that comprise Sun Style International, LLC. Together these entities manufacture and market the Sun Style booth.

coordination with those letters and as a "professional courtesy," David Gold, Sunless's interim CEO, also called Deveney and Jerger on October 3 to inform them of the forthcoming letter. Gold spoke with Deveney on October 3 but did not speak with Jerger until Jerger returned his call the next day. According to Jerger, Gold explained that Sunless owned the '288 Patent and that the company aggressively enforced its rights in it. Gold allegedly also identified a lawsuit it had filed against a non-party, Heartland Tanning, Inc., to enforce the '288 Patent. Jerger asked Gold if he was being threatened with litigation. Gold responded that there was no such threat but went on to reiterate that Sunless would aggressively pursue any violation of the '288 Patent. Despite Gold's comments, Jerger was left with the impression that he was being "threatened with immediate legal action, and [he] informed others in [his] office that [they] had been threatened by Sunless regarding [their] booth." (Aff. Ed. Jerger, DN 22-1, ¶ 7.)

Jerger and Deveney received Sunless's letter shortly after the phone calls with Gold. Aside from the addresses, the letters are substantively identical. In their entirety they read:

> We are intellectual property counsel for Sunless, Inc., a market leader in professional sunless equipment. Sunless protects the intellectual property associated with its products and aggressively enforces its rights against infringers on a worldwide basis.
>
> Sunless is the owner of the patent rights described in U.S. Patent No. 8,201,288, which issued on June 19, 2012 ("the '288 patent"). A copy of the patent is attached hereto. The inventions in this patent and other pending applications have been commercialized by Sunless in the form of its Versa Spa booth. As you may know, 35 U.S.C. § 154(a) provides Sunless with the right to exclude others from importing, making, using, offering for sale, or selling the inventions claimed in the '288 patent anywhere in the United States. In furtherance of these rights, Sunless has sued Heartland Tanning, Inc. for infringement of the '288 patent. The suit was filed by Sunless in the U.S. District Court for the Eastern District of Texas on September 18, 2012, a copy of which is attached hereto.
>
> It has recently come to our attention that [your company] is attempting to enter the professional sunless tanning equipment market. While we are unaware of any specific features that [your company's] equipment may have, we advise you to proceed carefully with any product launch in light of '288 patent. Sunless may

3

pursue a variety of remedies for patent infringement, including an injunction and damages, if it were to determine that your equipment is covered by the '288 Patent.

(Letter to Ed Jerger, DN 15-1; Letter to Jerry Deveney, DN, 15-2.)

Shortly after receiving Sunless's letters and phone calls, SSI instituted this action for declaratory judgment. Sunless moves to dismiss on grounds that there is no justiciable controversy between the parties because Sunless has never alleged that SSI infringed on the '288 Patent, has not threatened litigation, and has no knowledge as to whether the Sun Style booth has internal components similar to the Vera Spa booth. In all, Sunless claims that SSI's complaint was so premature that any adjudication by this Court would merely be an advisory opinion in violation of the Article III requirement that federal courts can only decide cases in which live controversies exist.

### III.

The Federal Rules of Civil Procedure provide that a party may file a motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Leb.*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Bauer v. RBX Indus. Inc.*, 368

F.3d 569 (6th Cir. 2004). Sunless's motion to dismiss attacks the factual basis for jurisdiction. Therefore, the Court may properly consider evidence outside of the pleadings in ruling on such a motion, and SSI bears the burden of proving that the Court has jurisdiction to hear the case.

**IV.**

An initial consideration courts must undertake in determining whether they have subject-matter jurisdiction is whether there is a justiciable controversy between the parties. This requirement arises from Article III of the U.S. Constitution which "limits the exercise of the judicial power to 'cases' and 'controversies.'" *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239 (1937). To be justiciable, the disagreement "must be definite and concrete, touching the legal relations of the parties having adverse interests." *Id.* at 240. It must not be "of a hypothetical or abstract character" or "academic or moot." *Id.* There must be a "real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 241.

In the context of declaratory judgment actions involving patent disputes, the Supreme Court has provided clear guidance on what constitutes a justiciable controversy. To determine whether such a controversy exists, "the question . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

The "all of the circumstances" test established in *MedImmune* repudiated the "reasonable apprehension" test previously applied by the Federal Circuit and lower courts to determine whether a justiciable controversy exists in patent disputes. *See SanDisk Corp v.*

5

*STMicroelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007). The *MedImmune* test is a more lenient standard and "facilitates or enhances the availability of declaratory judgment jurisdiction in patent cases." *Micron Tech. Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897 (Fed. Cir. 2008). After *MedImmune*, a court will have jurisdiction to hear a patent dispute "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without a license[.]" *SanDisk*, 480 F.3d at 1381. In such circumstances, "the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *Id.*

Finally, the test for declaratory judgment jurisdiction in patent cases is objective. *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009) (quoting *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988)). "[I]t is the objective words and actions of the patentee that are controlling." *BP Chems v. Union Carbide Corp.*, 4 F.3d 975, 979 (Fed. Cir. 1993). Therefore, only "conduct that can be reasonably inferred as demonstrating intent to enforce a patent can create declaratory judgment jurisdiction." *Hewlett-Packard*, 587 F.3d at 1363.

V.

After considering all of the circumstances in the present case, the Court finds that Sunless's conduct can objectively and reasonably be inferred as demonstrating intent to enforce the '288 Patent against SSI. When compared with other recent cases, jurisdiction was readily apparent in this action. *See ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345 (Fed. Cir. 2011); *Hewlett-Packard*, 587 F.3d at 1358; *Micron Tech.*, 518 F.3d at 897.

To the extent that Sunless claims that it was unaware of SSI's existence prior to filing this

action, the Court finds the argument of little consequence given the composition of the company. In its reply brief, Sunless acknowledged that the spray tan booth it inspected at the Las Vegas Expo was a joint venture between Four Seasons Sales & Service, Inc., and Ergoline, a division of JK North America. (Def.'s Reply, DN 25, p. 2, n.2.) What it apparently did not know at the time of inspection was that Four Seasons and JK North America were responsible for marketing and distributing the booth, while Pan-Oston, Inc., manufactured it. SSI is a limited liability company, and these three corporate entities comprise its membership. Accordingly, the Court finds it of little consequence that Sunless's letters and phone calls were not addressed directly to SSI. The Court will not decline to find jurisdiction where Sunless contacted two-thirds of SSI's membership with the same communications it would have directed to SSI had it known of its precise structure.

The Federal Circuit has held that, without more, declaratory judgment jurisdiction will not be established by "a communication from a patent owner to another party, merely identifying its patent and the other party's product line[.]" *Hewlett-Packard*, 587 F.3d at 1362. In the present action, the contact between the parties was not limited or merely a one-time communication. Here, Sunless's employees performed an inspection of the Sun Style booth at the Las Vegas Expo. Although there is some debate about the extent of that inspection, Sunless does not dispute that it occurred. A few months later, Sunless's CEO, David Gold, placed phone calls to two of SSI's members. According to Ed Jerger, Four Season's executive chairman, Gold stated that Sunless owned the '288 Patent, that it would aggressively enforce its rights in the patent, and that it had previously taken legal action against another entity to do so. Although Gold stated he was not threatening legal action, Jerger was left with the impression that legal action was imminent. The substance of the conversation was reflected in a letter that Jerger

7

received from Sunless after the phone call. Again, Sunless identified the '288 Patent, stated it "aggressively enforces its rights against infringers," identified a separate case for infringement of the '288 Patent it had already filed against another entity, and advised the company to "proceed carefully with any product launch" because "Sunless may pursue a variety of remedies for patent infringement . . . if it were to determine that your equipment is covered by the '288 Patent." The Court acknowledges that Sunless's letter does not threaten litigation by its plain language, but "[t]he purpose of a the declaratory judgment action cannot be defeated simply by the stratagem of a correspondence that avoids magic words such as 'litigation' and 'infringement.'" *Hewlett-Packard*, 587 F.3d at 1362. "[A] specific threat of infringement litigation by the patentee is not required to establish jurisdiction[.]" *ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1348 (Fed. Cir. 2011); *see Arrowhead Indus. Water*, 846 F.2d at 734-35 (describing the conduct of patent holders prior to enactment of the Declaratory Judgment Act as a "guerrilla-like" attempt at "extra-judicial patent enforcement with scare-the-customer-and-run tactics").

In this case, Sunless was aware that the Sun Style booth was preparing to enter the sunless tanning market and would compete with its own Vera Spa booth. Although Sunless may not have known precisely how the Sun Style booth operated, it clearly gleaned enough information from the inspection to warrant a phone call and letter in which Sunless specifically identified the '288 Patent and stated that the company had and would continue to aggressively pursue its rights under the patent. It further warned SSI to "proceed carefully," indicating that Sunless was prepared to file suit at the faintest whiff of infringement. Faced with such circumstances, the Court finds that jurisdiction exists because "the patentee [has] assert[ed] rights under a patent based on certain identified ongoing or planned activity of another party." *SanDisk*, 480 F.3d at 1381.

## CONCLUSION

Defendant Sunless, Inc., moved to dismiss the declaratory judgment action filed by Plaintiff Sun Style International, Inc. For all of the foregoing reasons, **IT IS HEREBY ORDERED** that the motion to dismiss for lack of subject-matter jurisdiction is **DENIED**.